324 So.2d 880 (1975)
Hubert MONK et ux., Plaintiff-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Defendants-Appellees.
No. 5234.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Rehearings Denied January 28, 1976.
Writ Refused March 16, 1976.
*881 Jackson & Smith by S. Chris Smith, III, Leesville, for plaintiffs-appellants.
Bolen, Halcomb & Bolton by Roy S. Halcomb, Jr., Alexandria, for defendants appellees.
John F. Simon, Gold, Hall, Hammill & Little, Alexandria, for intervenor-appellee appellant.
Before HOOD, HUMPHRIES and PETERS, JJ.
PETERS, Judge ad hoc.
This is an action brought by Hubert Monk and his wife, Hollis Monk, against Borden, Inc., Borden's employee, Leonard Seal, and Borden's liability insurer, Insurance Company of North America. The petition alleges plaintiff, Hollis Monk, suffered personal injuries due to the negligence of defendant, Leonard Seal in an accident on October 2, 1972. Traders and General Insurance Company, the workmen's compensation insurer for the Vernon Parish School Board (Mrs. Monk's employer) filed a petition in intervention under LSA-R.S. 23:1102.
*882 On the date of the accident, Hollis Monk was employed by Vernon Parish School Board as a cafeteria worker at Leesville High School. Defendant Leonard Seal was employed by Borden, Inc. as a routeman. Mr. Seal that day made a milk delivery to Leesville High School. He did not normally deliver milk to Leesville High but did so that day because the routeman who normally made the delivery was ill. Mr. Seal used a spare truck to deliver the milk and when he arrived at the high school he realized he had forgotten to bring a dolly to carry the milk from the truck to the kitchen refrigerator. He asked the school lunchroom supervisor if the school had a dolly he could use and he was given a flat, rectangular dolly with four wheels. It had sides on it which were several inches high. Mr. Seal loaded ten milk crates on the dolly in two stacks with five crates in each stack. He pushed the laden dolly to the refrigerator without trouble and dumped the half-pint containers of milk from the crates into the refrigerator. He then stacked the empty crates back on the dolly again in two stacks with five creates in each stack. The crates were of such a design that when properly stacked they "interlocked" in such a way that they could not slide off one another. Mr. Seal testified that when he stacked the crates they did in fact interlock. After stacking the crates, Mr. Seal pushed the dolly and crates back toward the kitchen door by pushing on one stack of crates with his hands while shoving the dolly with his foot. When he got to the door, he had to lift the front of the dolly to get the wheels over a door sill. As he did so, two of the crates fell off the rear stack and one of these struck Mrs. Monk in the back.
A civil jury found the defendant Leonard Seal free of negligence. Although the jury's findings of fact are entitled to great weight, we are obliged to review the facts and to reverse if the jury was manifestly erroneous. Stoute v. Mobil Oil Corporation (La.App., 3rd Cir., 1974), 297 So.2d 276, writs denied La., 300 So.2d 839; Deshotel v. Aetna Casualty & Surety Company (La.App., 3rd Cir., 1972), 269 So.2d 850, writs denied La., 272 So.2d 374. We find the jury did commit manifest error and therefore reverse.
It is impossible to determine with certainty how the crates fell, though it appears likely that they fell because Mr. Seal failed to stack them in such a way that they interlocked and two crates slid off when he raised the front of the dolly. In any event, the conclusion is inescapable that the crates fell because Leonard Seal was in some manner negligent in moving the crates from the refrigerator to the door. He was solely in control of the stacking and the transport of the crates; they would not have fallen had he not been negligent. We therefore reverse the findings of the jury on the issue of the defendant's negligence and hold that Leonard Seal, while in the course of his employment by Borden, Inc., negligently injured the plaintiff, Hollis Monk.
The jury made no findings concerning the amount of damages. As we have the evidence concerning damages in the record before us, we will determine the amount of recovery.
The plaintiff's doctor, Dr. Edwin H. Byrd, a general practitioner, treated the plaintiff following the injury. He found that she had a splinting or straightening of the lumbar spine. He put her into the hospital and used traction to relax the muscle spasms that were causing the splinting. Mrs. Monk complained of neck and back pain while in the hospital. She spent eleven days under treatment in the hospital and has been treated by Dr. Byrd on an out-patient basis ever since. When Dr. Byrd first treated Mrs. Monk he did not think her injury was severe and expected her to recover in eight or ten weeks. However, Mrs. Monk continued to complain of neck and back pain up until the trial in November of 1974. Mrs. Monk *883 had not returned to work at the time of the trial. She testified she was unable to work because of the pain in her neck and back.
Defendants introduced the testimony of two orthopedic surgeons, Dr. Edwin C. Simonton and Dr. George P. Schneider. Dr. Simonton examined Mrs. Monk on December 27, 1972, approximately 12 weeks after the accident. At that time, he could find no evidence of any permanent disability. He found Mrs. Monk was recovering from injuries she had sustained and he felt the treatment she had been receiving was adequate. Dr. Schneider first examined Mrs. Monk on April 19, 1973, about six and one-half months after the accident. He could find no objective evidence of any disability at that time. He submitted Mrs. Monk to exclusion testing, which means that he did tests on Mrs. Monk that could not possibly cause back pain to see if she still complained of back pain. These tests were all positive, i. e., no matter what type of tests Dr. Schneider made, Mrs. Monk complained of back pain, even when the tests could not possibly cause back pain. He further stated that he at no time found any medical basis for Mrs. Monk's complaints of pain. Dr. Schneider examined Mrs. Monk again in April of 1974 and once again found no basis for her complaints of pain.
The testimony of a specialist, when he is testifying as to matters within his special field, are entitled to greater weight than those of a general practitioner. Odom v. Sanders (La.App., 4th Cir., 1973), 277 So.2d 188; Meche v. Maryland Casualty Company (La.App., 3rd Cir., 1967), 204 So.2d 719. We must conclude in the instant case that Hollis Monk was not permanently disabled by defendant's negligence. We find she was disabled from working because of the accident but she had recovered from her injuries by April 19, 1973, the date Dr. Schneider first examined her. She is therefore entitled to recover for the pain she suffered from the time of the accident until April 19, 1973. We award her $1100.00.
Hubert Monk as head and master of the community is entitled to recover the medical expenses incurred for the treatment of his wife's injuries. The evidence shows that the sum of $1837.33 was paid by the intervenor for those medical expenses. Mr. Monk also is entitled to recover the loss of wages sustained by his wife as a result of her disability. We find that she was disabled from the date of the accident until April 19, 1973, a period of approximately 6frac12; months. The record indicates she was earning a salary of $194.42 per month at the time of the injury. Mr. Monk thus is entitled to recover $1263.73 for loss of wages.
The record shows that intervenor, Traders and General Insurance Company, has paid workmen's compensation benefits to Mrs. Monk as a result of the accident amounting to $3388.69, and that it also has paid medical expenses in the amount of $1837.33, making a total of $5226.02. Since the amounts paid by intervenor as compensation benefits and medical expenses exceed the total amount plaintiffs are entitled to recover in this proceeding, judgment must be rendered in favor of intervenor, Traders and General Insurance Company, and against defendants, for the full amount of damages which plaintiffs are entitled to recover.
For the reasons assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of intervenor, Traders and General Insurance Company, and against defendants, Borden, Inc., Leonard Seal and Insurance Company of North America, in solido, for the sum of $4201.06, with legal interest thereon from date of judicial demand until paid and for all costs of this suit. Judgment also is rendered in favor of plaintiffs, Hubert Monk and Hollis Monk, and against defendants, Borden, Inc., Leonard Seal, and Insurance Company of North America, in *884 solido, for all court costs which said plaintiffs have incurred in connection with this proceeding. The costs of this appeal are assessed to defendants-appellees.
Reversed and rendered.
HUMPHRIES, J. ad hoc, concurs.