383 So.2d 377 (1980)
Bertha HICKERSON
v.
PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA.
Nos. 66118, 66132.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*378 John D. Lambert, Jr., Lambert, Nowalsky & Lambert, New Orleans, for defendant-applicant in No. 66118.
Richard Creed, Jr., Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for defendant-respondent.
Leonard A. Young, Micheline V. Gomila, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant-applicant in No. 66132.
Wayne M. LeBlanc, Metairie, for respondents in Nos. 66118 and 66132.
WATSON, Justice.[*]
At issue is interpretation of the Insurance Guaranty Association Law, LSA-R.S. 22:1375 through 22:1394, as it relates to uninsured motorist insurance coverage, LSA-R.S. 22:1406.
The facts are stipulated. Plaintiff, Bertha Hickerson, was injured in an automobile accident on December 23, 1974, when her car collided with an automobile owned by Essie Simmons and driven by Elizabeth Roberson. Damages were fixed at $3,000. The Hickerson car was insured by Protective National Insurance Company of Omaha, Nebraska. The Simmons car was insured by Manchester Insurance and Indemnity Company.
The trial court concluded that Manchester was de facto insolvent on October 14, 1975, when an ancillary conservator was appointed by a Louisiana court, and plaintiff, at that time, had a right to recover against her own insurer, Protective. Therefore, the trial court gave judgment in favor of Hickerson against Protective. However, Protective was not allowed to recover against the Louisiana Insurance Guaranty Association, substituted as defendant for Manchester, or the individual defendants.
The Court of Appeal, Fourth Circuit, affirmed Hickerson's judgment against Protective. It decided that the trial court properly denied Protective a judgment against LIGA but reversed in part to give Protective a judgment against Simmons and Roberson. 375 So.2d 969.
*379 Writs were granted at the behest of Protective, Simmons and Roberson to review the judgment.
The resolutory question is whether plaintiff Hickerson should have been given judgment against the Louisiana Insurance Guaranty Association as the statutory successor to the insolvent insurer of the individual defendants.
The purpose of the Insurance Guaranty Association Law is stated in LSA-R.S. 22:1376 as follows:
"The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers."
LSA-R.S. 22:1378 provides for a liberal construction to effect the statutory process. LSA-R.S. 22:1382(1)(b) states that the Louisiana Insurance Guaranty Association shall:
"Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent."
This language indicates that LIGA should have been cast in judgment for Manchester's obligations. However, despite LSA-R.S. 22:1382(1)(b), LIGA contends that plaintiff could not recover against the association because of LSA-R.S. 22:1386, entitled "Nonduplication of recovery", which provides in part (1) that:
"Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy...."
It is contended that LSA-R.S. 22:1386(1) required plaintiff Hickerson to exhaust her uninsured motorist coverage before recovering against LIGA. The effect of giving this section that literal interpretation is that the uninsured carrier becomes entitled to reimbursement from the tort-feasors. The tort-feasors are cast in judgment because of the insolvency of their insurer, the result reached by the Court of Appeal here. The stated purpose of the act is to avoid financial loss to both claimants and policyholders, and that purpose is thwarted by requiring an injured party to proceed first against his or her own insurer. The policyholder with an insolvent insurer is not protected at all. The purpose of the "Nonduplication" provision was to prevent double recovery. It was designed to apply to ordinary insurance coverage and not to uninsured motorist coverage, which is required by public policy. Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972); Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972). Any other interpretation would render LIGA's function meaningless since an injured claimant would in all cases have to proceed first against his own insurer under the uninsured coverage mandated in Louisiana. The policyholders of the insolvent insurer would then be cast in judgment for the reimbursement claim of the uninsured carriers. No one would be protected except the Louisiana Insurance Guaranty Association, which has statutory immunity from subrogation claims in LSA-R.S. 22:1379(3).
The only statutory interpretation which will effect the purposes of the Insurance Guaranty Association Law is to deem LIGA the insurer with all the obligations of the insolvent insurer. To the extent of that coverage, the individual defendants were insured. LSA-R.S. 22:1382(1)(b). See Zinke-Smith, Inc. v. Florida Insurance Guaranty Association, Inc., 304 So.2d 507 (Fla.App., 1974). Compare Prutzman v. Armstrong, 90 Wash.2d 118, 579 P.2d 359 (1978).
LSA-R.S. 22:1406(D)(2)(a) provides that an uninsured motor vehicle shall "... be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured *380 within the limits specified therein because of insolvency." However, since Manchester, the insolvent liability insurer, is able to make payment by dent of its membership in the Louisiana Insurance Guaranty Association, defendants' vehicle was not uninsured within the meaning of the statute.
Since the Manchester policy limits on the Simmons' car were sufficient to cover plaintiff's damages and Manchester's obligation is deemed to be that of the Louisiana Insurance Guaranty Association, the trial and appellate courts erred in awarding plaintiff Hickerson judgment against her uninsured carrier, Protective. The judgments of the trial and appellate courts are reversed insofar as they gave plaintiff Hickerson judgment against Protective National Insurance Company of Omaha, Nebraska. The judgment of the Court of Appeal, Fourth Circuit, is reversed insofar as it gave judgment in favor of Protective National Insurance Company of Omaha, Nebraska against owner Essie Simmons and driver Elizabeth Roberson.[1] Judgment on plaintiff's claim should have been granted against the Louisiana Insurance Guaranty Association.
LSA-R.S. 22:1385 provides in pertinent part that:
"... The association shall have no cause of action against the insured of the insolvent insurer for any sums it has paid out except such causes of action as the insolvent insurer would have had if such sums had been paid by the insolvent insurer...."
Therefore, the Louisiana Insurance Guaranty Association is not entitled to a judgment for reimbursement against the individual defendants, Simmons and Roberson.
For the foregoing reasons, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Bertha Hickerson, and against defendant, Louisiana Insurance Guaranty Association, in the sum of $3,000.
REVERSED AND RENDERED.
NOTES
[*] The Honorable Edward A. de la Houssaye, III participated in this decision as Associate Justice ad hoc.
[1] This result makes it unnecessary to consider Protective's motion to strike an appendix to LIGA's brief.