ELLIS, Judge:
Plaintiff, Henry J. Senac, was injured in a vehicular collision while driving a truck for his employer. He collected workmen’s compensation benefits from Employers Commercial Union Insurance Company, his employer’s workmen’s compensation insurer. Plaintiff also filed the instant action against Ronald Davis Sandefer, the offending motorist, and his insurer, Manchester Insurance and Indemnity Company. Due to the insolvency of that insurer, the Louisiana Insurance Guaranty Association (LIGA) assumed its obligations, pursuant to Louisiana Revised Statutes 22:1375, et seq.
The liability of defendants was not contested. However, LIGA sought a reduction of quantum by the amount of workmen’s compensation benefits received by plaintiff, contending that plaintiff would otherwise be awarded a double recovery in violation of Louisiana Revised Statute 22:1386(1). The case was submitted for decision to the trial court, based upon the following joint stipulations:
1. That, but for the legal issue involved herein, there shall be judgment rendered in favor of plaintiff, HENRY J. SENAC, and against the defendants, MANCHESTER INSURANCE & INDEMNITY COMPANY and LOUISIANA INSURANCE GUARANTY ASSOCIATION, in the full sum of FOUR THOUSAND NINE HUNDRED and no/100 ($4,900.00) DOLLARS.
2. That all recovery due the plaintiff shall be for general damages and shall not be construed as recovery for special damages such as lost wages or medical expenses.
3. That plaintiff, HENRY J. SENAC, recovered from Employers Commercial Union Insurance Company, the sum of $4,900.00 in weekly indemnity workmen’s compensation benefits, (not medical expenses).
4. That the parties hereto agree that the legal issue to be decided by this Court is whether the Louisiana Insurance Guaranty Association is entitled, under LSA R.S. 22:1386 to offset the stipulated general damages due plaintiff of $4,900.00 with the $4,900.00 in workmen’s compensation benefits received by the plaintiff from Employers Commercial Union Insurance Company.”
In written reasons for judgment, the trial court stated that the workmen’s compensation benefits received by plaintiff were made in lieu of salary, while the damages sought from defendants were stipulated as general damages and not special damages such as lost wages. Accordingly, relying upon Fontenot v. Hanover Ins. Co., 385 So.2d 238 (La.1980), the trial court found no duplication of recovery and awarded plaintiff full general damages as stipulated. LIGA appealed.
The sole issue on appeal is whether the general damage award should be reduced by the amount of workmen’s compensation benefits received by plaintiff.
*1130 Louisiana Revised Statute 22:1386(1) provides:
“Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this Part shall be reduced by the amount of any recovery under such insurance policy.”
LIGA argues that the above statutory provision, when taken literally, would result in no liability on its part, since plaintiff has already received from his workmen’s compensation insurer an amount equal to the stipulated damages in this case. Plaintiff, however, advances two arguments as to why the said statutory provision should not be literally applied.
First, it is argued that under Hickerson v. Protective Nat. Ins. Co., 383 So.2d 377 (La.1980) the provisions of R.S. 22:1386(1) do not apply to workmen’s compensation insurance. In the Hickerson case, it was held that R.S. 22:1386(1) applies only to “ordinary insurance” and that since uninsured motorist insurance is required by public policy, it is not “ordinary insurance.” The court went on to say, however, that since LIGA stood in the shoes of the insolvent insurer, the tortfeasor was not uninsured, and plaintiff’s UM insurance was therefore not brought into play. The argument is advanced in this case that workmen’s compensation insurance is required by public policy, and is not “ordinary insurance,” and that payments thereunder may not be applied to reduce the amount of damages owed by LIGA.
The contention is without merit. Leaving aside the obvious factual differences between the two cases, it is clear from the context of the Insurance Guaranty Association Law R.S. 22:1375 et seq., that workmen’s compensation insurance is covered by the law. If workmen’s compensation insurance is covered by the law, it is subject to all phases thereof, including R.S. 22:1386(1).
Plaintiff’s other argument is that workmen’s compensation benefits are paid in lieu of wages, whereas the stipulated tort recovery in this is solely for pain and suffering, and that there is, therefore, no double recovery.
Under the workmen’s compensation law, either the employer (or his insurer) or the employee may proceed against a third party tortfeasor who is responsible for the employee’s disabling injuries. Each is required to notify the other of such a proceeding. The employer or his insurer may intervene in the employee’s suit to recover amounts paid out in compensation and medical benefits. These amounts are to be paid by preference out of any judgment in favor of the employee. R.S. 23:1101-1103.
The courts have held, however, that the employer or his insurer can not collect medical payments out of the employee’s judgment unless these amounts formed part of the award made to the employee. Fontenot v. Hanover Insurance Company, supra. On the other hand, there has been, until recently, no distinction made between damages for pain and suffering and damages for lost wages when reimbursing the employer or his insurer for compensation benefits paid, and in some cases, the entire award made to the employee has been paid to the employer or his insurer. Monk v. Insurance Company of North America, 324 So.2d 880 (La.App. 3rd Cir. 1976); Vidrine v. Michigan Millers Mutual Insurance Co., 242 So.2d 249 (La.App. 3rd Cir. 1970).
In the recent case of Lagraize v. Bickham, 391 So.2d 1185 (La.App. 4th Cir. 1980), the court held that weekly compensation payments were “wage replacement”, and that the compensation insurer could not recover any part thereof from a judgment awarding damages for pain and suffering. However, in that case, the claimant had continued working despite his disability and had received full wages throughout the period after his injury, so that he suffered no wage loss and the insurer had paid no compensation.
Workmen’s compensation is a type of social legislation, the object of which is “to *1131 shift the burden of such economic loss or waste from the employee and his dependents to the industry, in order that it may ultimately be borne by the consumer as a part of the necessary cost of production.” 99 C.J.S. Workmen’s Compensation § 5 (1958). It also relieves society as a whole from some of the burden of supporting those disabled or killed or their dependents, and promotes the general welfare.
From the point of view of the employer and the employee, workmen’s compensation helps both to avoid the uncertainties, costs and time which a litigated claim would entail. As far as the employer is concerned, workmen’s compensation provides a manageable and predictable plan, with a compensation rate not so high as to encourage malingering or feigned injury. Since the great need of the employee is for immediate funds for his emergency, one of the humane purposes of the act would be lost by resort to the courts to enforce a claim. Given this guarantee of a minimum sum to meet medical expenses and support for each and every accident, regardless of fault, it is “perhaps not unfair that (the employee) should fore-go his former claim to be fully remunerated for pain and suffering and those other intangible elements that go into the makeup of a conventional damage suit.” W. Malone and H. Johnson, Workmen’s Compensation Law and Practice, 13 La. Civil Law Treatise § 32 (2nd ed.) 1980.
“Compensation, then, differs from the conventional damage suit in two important respects: Fault on the part of either employer or employee is eliminated; and compensation payable according to a definitely limited schedule is substituted for damages.” Malone and Johnson, supra.
When the employer or insurer intervenes in a suit against a third party, “it is proper to assure that weekly benefits paid are reimbursed in the judgment out of the award to the employee for ‘pain and suffering’, wage loss, or out of ‘general damages’; and that the special expenses (medical expenses and the like) are, to the extent paid by the employer or insurer, awarded directly to it.” W. Malone and H. Johnson, Workmen’s Compensation Law and Practice, 14 La. Civil Law Treatise § 369 (2nd ed.) 1980.
It therefore appears that compensation payments are in lieu of both wage loss and damages for pain and suffering, and that recovery of both compensation payments and damages for pain and suffering is double recovery under the workmen’s compensation law.
Since the purpose of R.S. 22:1386(1) is to prevent such double recovery, we find that the judgment below is erroneous in denying credit to LIGA for compensation payments made to plaintiff.
The judgment appealed from is therefore amended so as to provide that Louisiana Insurance Guaranty Association is to receive a credit for the sum of $4,900.00 paid to plaintiff as workmen’s compensation benefits by Employers Commercial Union Insurance Company, and, as amended, it is affirmed. All costs of this appeal shall be paid by plaintiff.
AMENDED AND AFFIRMED.
COLE, J., dissents.