524 So.2d 1235 (1988)
Katherine H. NASELLO, Plaintiff-Appellee,
v.
TRANSIT CASUALTY COMPANY, et al., Defendants-Appellants.
No. 86-1286.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Writ Granted April 7, 1988.
*1236 Eugene P. Cicardo, Jr., Alexandria, for plaintiff-appellee.
Richard Creed, Jr., Baton Rouge, for defendant-appellant.
Juneau, Hill, Judice, Hill & Adley, P.C., Marc W. Judice, Lafayette, for defendant-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
DOUCET, Judge.
Plaintiffs, Katherine H. Nasello, Brenda Beckham, and Pauline N. Cataldie, each filed separate lawsuits in the 13th Judicial District Court as a result of injuries sustained from an automobile accident which occurred on June 13, 1984. The three lawsuits were subsequently consolidated for trial.
Made defendants therein were Acadiana Auto Rental, Inc., d/b/a National Car Rental Sysems, Jorge Gonzales, the Louisiana Insurance Guaranty Association, Intercontinental Consultants, Inc., Airways Engineering Corporation of Virginia, and Great Northern Insurance Company. Acadian Auto Rental, Inc. d/b/a National Car Rental Systems, Inc., was later dismissed from the suit on a motion for summary judgment. The Louisiana Insurance Guaranty Association became involved in the lawsuits by assuming the position of the insolvent Transit Casualty Insurance Company, which had insured the car being driven by Jorge Gonzales. Mr. Gonzales was in the course and scope of his employment with Airways Engineering Corporation of Virginia and Intercontinetal Consultants, Inc. at the time of the accident. Great Northern Insurance Company provided coverage to those companies and in turn, Jorge Gonzales as an employee.
At the time of the accident, plaintiffs were allegedly riding in a 1978 Cadillac automobile being driven by Pauline Cataldie in a northerly direction on U.S. Highway 167 in Evangeline Parish, Louisiana. Jorge Gonzales was allegedly driving a 1984 Chevrolet Monte Carlo automobile in a westerly direction on Highway 106 near the intersection of U.S. Highways 167 and 106 in Evangeline Parish, Louisiana.
Plaintiffs urged that the sole cause of the accident and resulting injuries was the failure of Jorge Gonzales to heed the red flashing light at the intersection of Highways 167 and 106, thereby causing his automobile to collide with the automobile in which plaintiffs were traveling.
Prior to the trial of this matter, Airways Engineers Engineering Corporation of Virginia, Intercontinental Consultants, Inc. and Great Northern Insurance Company brought a motion for summary judgment asking that the court declare that the Louisiana Insurance Guaranty Association assumed the position of the insolvent Transit Casualty Insurance Company, and therefore, was the primary insurance carrier covering the damages being pursued by plaintiffs. The motion for summary judgment was granted by order of the court dated October 11, 1986.
*1237 This matter was tried pursuant to a stipulation entered into by all counsel and judgment was rendered in favor of plaintiffs and against the Louisiana Insurance Guaranty Association. By stipulation, Great Northern Insurance Company agreed to loan the Louisiana Insurance Guaranty Association the sum to pay off the judgment in favor of plaintiffs in exchange for which the Louisiana Insurance Guaranty Association agreed to reimburse Great Northern Insurance Company upon the final judicial determination that the Louisiana Insurance Guaranty Association was the primary insurer of Jorge Gonzales.
The consolidated appeal bears our Docket Numbers: 86-1286, 86-1287, 524 So.2d 1238 and 86-1288, 524 So.2d 1238. We will decide all issues presented in all three cases in this opinion but render separate decrees in the companion cases.
On appeal, defendant/appellant urges that "The trial court erred in holding that the Louisiana Insurance Guaranty Association was the primary insurer for the defendant, Jorge Gonzales." We disagree.
The Insurance Guaranty Association Law, La.R.S. 22:1375 et seq., was enacted by the legislature in 1970 as a response to the serious problem of insurer insolvencies. Ursin v. Insurance Guaranty Association, 412 So.2d 1285 (La.1982) (on rehearing). The purpose of the Insurance Guaranty Association law is stated in La.R.S. 22:1376 as follows:
"The purpose of this part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policy holders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers."
La.R.S. 22:1378 provides for a liberal construction of the act to effectuate the designated purpose "under Section R.S. 22:1376, which shall constitute an aid and guide to interpretation."
La.R.S. 22:1382(1)(b) provides that the Louisiana Insurance Guaranty Association shall:
"(b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent." (emphasis added)
Accordingly, in the instant situation, the Louisiana Insurance Guaranty Association is to be treated as though it were the insurer that issued the policy on the car being driven by Mr. Gonzales. Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980); Hickerson v. Protective National Insurance Company, 383 So.2d 377 (La.1980). The Louisiana Insurance Guaranty Association urges, however, that it is not the primary insurer for the defendant Jorge Gonzales, by virtue of La.R.S. 22:1386, entitled "Nonduplication of recovery." The Louisiana Insurance Guaranty Association adds that before any liability will attach to it, Section 1386 requires a claimant to exhaust all other insurance proceeds, thereby essentially making the Louisiana Insurance Guaranty Association a "remedy of last resort." The Louisiana Insurance Guaranty Association further urges that because other insurance proceeds were not exhausted before proceeding against it, it is not liable. La.R.S. 22:1386 provides in relevant part as follows:
"(1) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this part shall be reduced by the amount of any recovery under such insurance policy."
The Louisiana Supreme Court has consistently held that the purpose of this provision is to prevent double recovery. Hickerson, supra, at 379. Therefore the pertinent inquiry in the instant situation regarding the application of Section 1386 is whether the trial court's determination gives rise to a situation in which plaintiffs *1238 will receive double recovery. Such is not the case. Great Northern Insurance Company has paid off plaintiffs' claims on behalf of the Louisiana Insurance Guaranty Association by providing what amounts to an interest free loan to the Association. The issue is not whether plaintiffs may now also recover the same amount of damages from the Association, but instead, the issue is whether the Louisiana Insurance Guaranty Association is primarily responsible for the damages awarded plaintiffs which Great Northern Insurance Company paid on behalf of the Louisiana Insurance Guaranty Association.
As previously mentioned, Section 1382(1)(b) deems the Louisiana Insurance Guaranty Association "the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights and duties and obligations of the insolvent insurer as if the insurer had not become insolvent." This court is unaware of any Louisiana authority which stands for the proposition that the Louisiana Insurance Guaranty Association is to be deemed excess insurance over and above any and all other insurance proceeds which may be applicable nor are we aware of any Louisiana authority which states that the Louisiana Insurance Guaranty Association is a "remedy of last resort." As such, the Louisiana Insurance Guaranty Association has assumed all of the obligations of the insolvent Transit Casualty Insurance Company. The Louisiana Insurance Guaranty Association therefore provides valid and collectible primary insurance.
Accordingly, for the foregoing reasons, the judgment of the trial court declaring the Louisiana Insurance Guaranty Association the primary insurer is affirmed. All costs are to be borne by the Louisiana Insurance Guaranty Association.
AFFIRMED.