KALISTE J. SALOOM, Jr., Judge Pro Tern.
Following an automobile accident, plaintiffs filed suit against the liability carrier of the other vehicle as well as their own uninsured motorist carrier. After the liability carrier was declared insolvent, the Louisiana Insurance Guaranty Association was substituted as a party. State Farm, the uninsured motorist carrier, appeals the judgment and award of attorney fees. Plaintiff filed an answer to the appeal asking for an increase in attorney fees.
The facts in the instant case are quite brief. Plaintiff, Sam Blankenship, was involved in an automobile accident on May 15, 1989. He was struck from the rear by a vehicle which was owned by Ms. Alida Marcotte and being operated by Mr. Gary Burns. The Marcotte vehicle was covered by a liability policy issued by Champion *507 Insurance Company which has since been placed in liquidation and is substituted for herein by the Louisiana Insurance Guaranty Association (L.I.G.A.). The Blankenship vehicle was insured by State Farm Insurance Company. This coverage included an uninsured motorist provision.
Plaintiff filed suit for personal injury damages. Loss of consortium claims were made by plaintiffs wife and on behalf of their minor son.
The trial court found the Marcotte vehicle was entirely at fault with no comparative negligence attributable to Sam Blankenship. Since the issue of fault was not addressed on appeal, we affirm the trial court’s finding of liability.
The trial court awarded $7,500.00 for Sam Blankenship in damages, $2,500.00 to Marie Blankenship for loss of consortium and $2,000.00 on behalf of Boyd Blankenship for loss of consortium. Furthermore, the trial court ruled that State Farm was arbitrary and capricious in its failure to pay under the uninsured motorist policy. Therefore, the trial court assessed penalties and attorney fees against State Farm. State Farm was granted judgment on its cross claim against Gary Burns for any amounts that it would be held liable. Costs were assessed in solido against State Farm and Gary Burns.
State Farm has appealed listing four assignments of error: (1) The trial court erred in casting State Farm for “first dollar coverage” in favor of plaintiffs instead of allowing it credit for sums awarded against L.I.G.A.; (2) The trial court erred in making excessive awards in favor of Sam Blankenship for general damages and in favor of Marie Blankenship and on behalf of Boyd Blankenship for loss of consortium; (3) The trial court erred in awarding penalties and attorney fees against State Farm; and (4) The trial court erred in casting State Farm with costs.
In its first assignment of error State Farm argues that the trial court erred by holding State Farm liable for “first dollar” coverage. State Farm cites Hickerson v. Protective National Insurance Co., 383 So.2d 377 (La.1990) in brief for the proposition that its uninsured motorist coverage does not apply in this case because L.I.G.A. covered Champion’s insolvency. We agree with the trial court that Hickerson does not dispose of all of the issues presented in this case. It was the opinion of the trial court that State Farm’s uninsured motorist coverage was more favorable coverage than that required by law. Further, the trial court referred to L.I.G.A.’s general denial of coverage as a second reason for the uninsured motorist carrier to provide “first dollar” coverage. Where, as here, the insolvency of the liability carrier is followed by a denial of coverage by L.I.G.A., the trial court said the insurer of an uninsured/underinsured claimant has a responsibility to its insured. In the instant case State Farm was aware of the insolvency of Champion Insurance, and it was aware of the denial of coverage by L.I.G.A. The uninsured motorist policy issued by State Farm states that coverage will be provided in both instances. Instead, State Farm attempts to use the Hickerson decision as a shield and leave its insured in a position of uncertainty. Suit was filed on June 16, 1989, and the L.I.G.A. answer denying liability was filed on March 1, 1990. Champion Insurance had been previously declared insolvent on June 5, 1989. Trial was held in August of 1990, and judgment was rendered and signed on September 18, 1990. No tender by State Farm was made during or since this period of time. Furthermore, State Farm was ultimately held liable for the amount of the judgment which was in excess of the Champion policy limits of $10,000.00 minus the $100.00 statutory deductible. Based on the facts of this ease, we agree with the trial judge in that the uninsured motorist policy provided “first dollar” protection for plaintiff.
In its second assignment of error State Farm argues that the damage award was excessive. We disagree.
A determination of the measure of damages will not be disturbed on appeal unless the trier of fact abuses its much discretion in making the award, and then only to the extent of lowering (or raising *508 it) to the highest (or lowest) point which is reasonably within the discretion afforded the trial court. Scott v. Hospital Service District No. 1, 496 So.2d 270 (La.1986); Hopkins v. Travasos, 569 So.2d 1056 (La.App. 3d Cir.1990).
After a careful review of the record in this case, we cannot say that the trial court abused its broad discretion. Plaintiff was rear-ended and suffered a painful aggravation to a pre-existing neck condition. This aggravation extended the pain down into his back and lasted in excess of one year. The trial judge, who was in the best position to determine the amount of damage to plaintiff, awarded $7,500.00 general damages. We affirm. Likewise, the trial judge was in the best position to determine the consortium claims of Marie Blankenship and Boyd Blankenship. We find no abuse of discretion in these awards for $2,500.00 and $2,000.00.
In State Farm’s third assignment it contests the penalties and attorney fees awarded by the trial court. Plaintiff answers the appeal and asks for an increase in attorney fees.
The trial court found that State Farm was arbitrary and capricious in failing to make a reasonable offer of settlement. Since we have found coverage to exist and that plaintiff presented State Farm with proof of loss and L.I.G.A.’s denial of coverage, we believe that attorney fees are warranted in this situation. State Farm had no basis for refusing to show its good faith to its insured by making some reasonable tender offer. Further, since we find that the $2,500.00 awarded by the trial court is inadequate and excessively low in this case, we hereby amend that portion of the judgment to the lowest point which is reasonably within the discretion of the trial court. Therefore, we increase attorney fees for the trial from $2,500.00 to $3,000.00. Also, we award $1,000.00 as attorney fees for work done on this appeal. We affirm the trial court’s award of penalties.
In their final assignment of error State Farm argues that it should not have been cast with all of the costs of the trial court. Since the trial court held State Farm and L.I.G.A. liable, in solido, for plaintiff’s damages and Gary Burns liable on the cross claim, we believe that L.I.G.A. should also be apportioned costs. Therefore, we amend the judgment of the trial court to reflect that costs should be assessed against Gary Burns, State Farm Insurance Co., and L.I.G.A., in solido.
For the foregoing reasons we affirm the decision of the trial court as amended and assess all costs for this appeal against State Farm.
AFFIRMED AS AMENDED.