|2DALEY, Judge.
Appellant, LIGA, appeals a judgment of the Office of Workers’ Compensation, finding that McClendon Trucking Company’s (McClendon) claims against them are not prescribed and awarding McClendon a total of $60,106.00 in reimbursement of medical expenses and compensation benefits it paid to the workers’ compensation plaintiff, Eugene M. Haley. The trial court found that Alabama’s statute of limitations of two years, not Louisiana’s prescription of one year, applied to this case, and, therefore, McClen-don’s claim against LIGA for reimbursement of workers’ compensation payments had not prescribed. For the following reasons, we affirm.
The litigation arose around an accident that occurred on November 25, 1985. On that date claimant Haley was injured in the course and scope of his employment as a truck driver with McClendon, an Alabama company. The accident took place in Georgia. Haley was domiciled in Louisiana.
|gAt the time of the accident, McClendon’s insurance carrier for both liability and workers’ compensation was Allied Fidelity Insurance Company, which went into receivership on July 15, 1986. Allied Fidelity Insurance Company was a qualified insurance carrier in both Alabama and Louisiana.
On or about December 16, 1986, McClen-don began to make worker’s compensation payments to Haley, which continued through May 24, 1988, totaling $16,000.00. McClen-don authorized and paid for medical care for Mr. Haley from the time of his injury through August 13, 1991, totaling $44,106.00.
On June 13, 1988, Haley sued McClendon and LIGA for workers’ compensation benefits in Louisiana (24th Judicial District Court). This suit was dismissed upon a finding by the court that Mr. Haley’s injury was not subject to compensation under the Louisiana Workers’ Compensation Act because Mr. Haley was not hired in Louisiana, he did not perform a substantial part of his work in Louisiana and his injury did not occur in Louisiana. (Order of Dismissal, Haley v. LIGA, 364r-527.) The Order of Dismissal *60 found that Alabama Workers’ Compensation Law applied to this claim. No appeals were taken.
On August 22,1990, Haley filed the instant suit in the 24th Judicial District Court, naming McClendon, LIGA, and the Alabama Insurance Guaranty Association (AIGA). This suit asked for compensation benefits under the Alabama law. McClendon answered the suit, alleging that Haley’s suit was prescribed, and also cross-claimed against LIGA and AIGA for reimbursement of benefits it paid to plaintiff, pursuant to LSA-R.S. 22:1375 -1394. AIGA was dismissed from the suit, following LSA-R.S. 22:1386(B) and Alabama Code § 27-42-12, which state that the insurance guarantee association of the claimant’s residence is responsible for claims related to any particular injury regardless of where the injury occurred.
l4After the dismissal of AIGA, LIGA reached a settlement with Haley regarding the medical payments. The plaintiff also signed a release of all claims against McClen-don and LIGA. The only remaining claim was McClendon’s cross-claim against LIGA for reimbursement of the medical payments and compensation payments.
The trial court found that Alabama’s prescriptive statute applied, following the modern trend in conflicts of laws, which considers prescriptive statutes substantive rules when they are part of a comprehensive statutory scheme and the choice, therefore, should be controlled by the state whose law would govern the merits of the action, commonly referred to as lex causae. Taylor v. Liberty Mutual Insurance Co., 579 So.2d 443 (La.1991). Therefore, as it had been previously determined that plaintiff’s workers’ compensation claim is governed by Arkansas law and McClendon’s cross-claim against LIGA was directly related to that action, the Arkansas statute of limitations applied to the cross-claim.
However, we find that McClendon’s cross-claim against LIGA is contractual, based on its status as an insured of Allied Fidelity Insurance Company, the qualified insolvent insurer, and the law as set forth in Martin Lumber Partnership v. LIGA, 534 So.2d 469 (La.App. 3 Cir.1988). LIGA argues that McClendon is not entitled to reimbursement because at the time compensation payments began on December 16, 1986, Haley’s claim for compensation had prescribed under the Louisiana Workers’ Compensation Act, LSA-R.S. 23:1209.[1] McClendon argues that its claim against LIGA is contractual in nature, not delictual, does not fall under the workers’ | r,compensation law and thus is timely under the prescriptive laws of both Alabama and Louisiana (§ 6-2-34 (six years) and LSA-C.C. art. 3499 (ten years), respectively).
In response to recurrent insurer insolvencies, the Louisiana Insurance Guaranty Law was enacted, expressly to:
“[Pjrovide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers.”
LSA-R.S. 22:1376.
To that end, LIGA was created to administer and implement the law. It is obligated to the extent of covered claims which existed prior to the determination of the insurer’s insolvency. It is:
“[Djeemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent.”
LSA-R.S. 22:1382(A)(2).
The statutes are to be liberally construed to effect its stated purpose. LSA-R.S. 22:1378. Construction of the provisions in favor of claimants and policy holders to advance and protect their interests rather than the interests of the LIGA is mandated. Senac v. Sandefer, 418 So.2d 543 (La.1982). *61 LIGA substitutes for the insolvent insurer with its associated duties and obligations. Weaver v. Kitchens, 556 So.2d 120 (La.App. 5 Cir.1990). LIGA’s obligation to reimburse McClendon is contractual in nature, by virtue of McClendon’s insurance contract with its insolvent insurer, Allied Fidelity, who was a qualified carrier under LIGA and AIGA.
LIGA cites National Union Fire Ins. v. Ward, 612 So.2d 964 (La.App. 2 Cir.1993) for its argument that Louisiana’s prescriptive period (LSA-R.S.23:1209) should apply. However, that case can be distinguished on its facts. The workers’ | (¡compensation insurer brought an action against a third 'party tortfeasor to recover reimbursement for benefits it paid to the injured employee. Hence, the basis of that suit was in tort, not contract, as the worker’s compensation insurer had no contractual relationship with the third party tortfeasor. The accident occurred in Louisiana, the injured employee and his employer were Tennessee domiciliaries. (In Louisiana, the Office of Workers’ Compensation does not have jurisdiction over suits against the third party tortfeasor.) Because the accident happened in Louisiana, and noting that the reimbursement suit arose under general tort law and not the comprehensive statutory scheme of state workers’ compensation, the Louisiana prescriptive laws clearly applied. These facts are not present in the case on review.
In this case we agree with the trial court’s conclusion that McClendon’s claim against LIGA is not prescribed, though for different reasons than the trial court found. The trial court’s judgment is affirmed. All.costs of this appeal are taxed to appellant.
AFFIRMED.

. Under the Alabama Workers’ Compensation Act, the prescriptive time period applicable to a claim is two years, Alabama Code (1975) § 25-5-80.