GOTHARD, Judge.
Plaintiffs, Lorraine and Edward Allen, filed this tort action against Annette Hunter and her insurer, Colonial Lloyds Insurance Company (Colonial), as a result of an automobile accident which occurred on February 16, 1990. Plaintiffs supplemented their original petition to add their uninsured motorist earner, Allstate Insurance Company (Allstate), as a defendant. On March 27, 1992 Colonial was declared insolvent and ordered liquidated. Plaintiffs then substituted the Louisiana Insurance Guaranty Association (LIGA) as the defendant in place of the insolvent insurer.
The pai'ties stipulated that the plaintiffs’ damages total $6,141.08, and judgment for that amount was entered against Allstate. Claims against LIGA were dismissed, with prejudice. Allstate brings this appeal.
The sole issue in this case is whether the uninsured motorist coverage provided by Allstate in this matter is primary to that of LIGA and must first be exhausted before recovery may be had against LIGA.
*11 LSA-R.S. 22:1386 as amended by Act 130 of 1990 and which became effective on September 7, 1990 stated:"
Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include, but shall not be limited to, liability coverage, uninsured or underinsured motorist liability coverage or both, hospitalization and other medical expense coverage. Any amount payable by such other insurance shall act as a dollar for dollar credit against any liability of the association under this part.
Act 237 of 1992 reenacted LSA-R.S. 22:1386 and amended it to provide that the amendment applied to all covered claims pending on the effective date of the Act, June 19, 1992. This court held that the amendment should be retroactively applied in Rey v. Guidry, 618 So.2d 425 (La.App. 5th Cir.1993). The Supreme Court has recently affirmed that decision in Segura v. Frank, consolidated with Rey v. Guidry, 630 So.2d 714. In Segura 630 So.2d at 28, the Court stated:
In sum, although retroactive application of La.R.S. 22:1386 as amended by Act 237 of 1992 would impair American’s and Allstate’s contractual obligations under the UM policies by making them primarily liable for Segura’s and Rey’s claims against Dixie Lloyds, the adjustment of the UM insurers’ rights and responsibilities is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation’s adoption. Accordingly, under the appropriate Contract Clause standard, we conclude retroactive application of Act 237 of 1992 would violate neither the federal nor the state constitutional prohibitions against impairment of contractual obligations.
Accordingly, we affirm the trial court’s decision.
AFFIRMED.