DOUCET, Judge.
This appeal concerns the retroactivity of La.R.S. 22:1386(A) as amended by Act 237 of 1992.
The facts giving rise to this action were stipulated by the parties:
This case arises out of an automobile accident which occurred on August 9, 1989, in the Parish of Lafayette, between vehicles operated by Christine Gauthier and Judy States Miller. Stacy Jeansonne was a passenger in the Gauthier vehicle at the time of the accident.
The accident occurred when Ms. Miller executed a left-hand turn into the path of the Gauthier vehicle, which had the right-of-way.
On the date of the accident, the Gauthier vehicle was insured by a policy of insurance issued by Shelter Mutual Insurance Company providing under/uninsured motorist benefits. At all times pertinent hereto, Judy States Miller was insured by a policy of insurance issued by Dixie Lloyd’s Insurance Company which provided liability coverage for all claims asserted by Christine Gauthier and Stacy Jean-sonne.
Lawsuits were filed by the plaintiffs, Christine Gauthier and Stacy Jeansonne, on March 30, 1990, Dixie Lloyd’s [sic] against Dixie Lloyd’s and Shelter.
On December 20, 1990, Dixie Lloyd’s Insurance Company was placed in liquidation by order of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana.
On January 14, 1991, the Louisiana Insurance Guaranty Association was added an an additional defendant in the lawsuit.
The parties stipulated that Christine Gau-thier suffered damages in the amount of $10,000.00 and that Judy States Miller was at fault for the accident in question.
The parties further stiuplated [sic] and agreed that Stacy Jeansonne sustained damages in the amount of $10,000.00 and that Judy States Miller was at fault for those damages.
Shelter Mutual Insurance Company has filed a cross-claim over and against Judy States Miller for amounts paid pursuant to the medical payments provision of its policy and any and all further amounts they may be required to pay under the terms of its uninsured motorist policy.
*1296 The matter was submitted to the trial judge on briefs and arguments of counsel.
The only question before this court is whether the 1992 amendment to La.R.S. 22:1386(A) is to be applied retroactively so as to require the plaintiff to exhaust her UM coverage with Shelter before collection from Louisiana Insurance Guaranty Association (LIGA).
Prior to 1990, La.R.S. 22:1386(1) read as follows:
(1) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this Part shall be reduced by the amount of any recovery under such insurance policy.
In 1990, La.R.S. 22:1386(1) was amended to read as follows:
(A) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. Any amounts payable by such other insurance shall act as a dollar-for-dollar credit against any liability of the association under this Part.
In 1992, La.R.S. 22:1386(A) was again amended by Act 237 of 1992, which stated in pertinent part that:
Section 2. R.S. 22:1386(A) and (C) are hereby amended and reenacted and R.S. 22:1386(D) is hereby enacted to read as follows:
§ 1386. Nonduplication of recovery
A. Any person having a claim against an insurer under any provision in an insurance policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. As to the association, any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant.
⅛ ⅜ ⅜ * *
Section 3. This Act shall apply to all covered claims, as defined in R.S. 22:1379, pending on or arising on or after the effective date of this Act.
The trial judge in this case decided that since Act 237 of 1992 changed only the last sentence of La.R.S. 22:1386(A), only that sentence was to have retroactive effect. The trial court then found that the pre-1990 version of La.R.S. 22:1386(A) was applicable to this claim so that the plaintiff was not required to exhaust her UM coverage with Shelter before collecting from LIGA. LIGA filed this appeal. We reverse.
The Louisiana Supreme Court in Segura v. Frank, 93-1271, 630 So.2d 714 (La.1994), dealt with two cases in which the appellate courts reached conflicting determinations as to the applicable version of La.R.S. 22:1386(A) with regard to the requirement that a party exhaust all other insurance, including UM coverage, before recovering from LIGA.
The Supreme Court found that Act 237 of 1992 was applicable retroactively to require that plaintiff exhaust all other coverage, including UM, and that retroactive application violates neither federal nor state constitutional prohibitions against the impairment of contracts. As a result, Christine Gauthier must exhaust her UM coverage with Shelter before collecting from LIGA. The record reflects that Ms. Gauthier’s damages do not exceed her UM coverage. Accordingly, the judgment of the trial court is reversed as concerns the liability of LIGA and the dismissal of Shelter. Judgment is rendered against Shelter. The judgment is affirmed insofar as concerns the liability of Judy States Miller and the payment of costs prior to December 20, 1990. Costs at the trial level incurred after December 20,1990 are to *1297 be paid by Shelter. Costs on appeal are to be paid by Shelter.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.