SCHOTT, Chief Judge.
This is an appeal by the Louisiana Insurance Guaranty Association (LIGA) from a summary judgment in favor of Stephanie Schoenberger. The issue is whether 1990 and 1992 amendments to LSA-R.S. 22:1386(A) retroactively apply to Schoenber-ger’s claim.
Schoenberger was a guest passenger in an automobile driven by Ron Lilly on September 6, 1989. There was an accident when Lilly’s automobile collided with an automobile driven by Bellow. Lilly was insured by Zurich-American whose policy provided uninsured/underinsured motorist (UM) benefits to Schoenberger. Bellow was insured by Fire & Casualty Insurance Company which was declared insolvent on September 14, 1991. LIGA replaced Fire & Casualty. Schoenberger settled her UM claim with Zurich in November 1991 reserving her rights against LIGA.
On the date of the accident R.S. 22:1386(A) required a claimant to exhaust his rights against a solvent insurer before proceeding against LIGA, but in Hickerson v. Protective Nat. Ins. Co., 383 So.2d 377 (La.1980), the court held that this obligation did not extend to the solvent UM insurer. By Act 130 of 1990 R.S. 22:1386(A) was amended to include specifically UM |2coverage among that which would have to be exhausted before the claimant could proceed against LIGA. The question was whether this amendment applied retroactively to existing claims.
In Segura v. Frank, 630 So.2d 714 (La.1994), the court held that the 1990 act did not apply retroactively because the legislature did not specifically declare the amendment to be retroactive. However, by Act 237 of 1992 the statute was again amended this time to add a section providing:
This Act shall apply to all covered claims as defined in R.S. 22:1379, pending or arising on or after the effective date of this Act.
In Segura the court held that this amendment applied to the case as a “pending” claim even though the trial court had already adjudicated the case and it was on appeal when the amendment took effect. The court found there were no constitutional obstacles to making the act apply retroactively.
This ease is dispositive of the instant case. Schoenberger argues that there is no pending claim in this case because she settled her case with Zurich whereas in Segura there were still viable claims pending against UM insurers in that case. But the language of the 1992 amendment referring to “covered claims, as defined in R.S. 22:1379” clearly refers to claims pending against LIGA as in this case.
Accordingly, the judgment appealed from is reversed and set aside and Schoenberger’s suit against LIGA is dismissed.

REVERSED AND RENDERED.