645 So.2d 624 (1994)
Judith Habeney, Wife of/and William J. HABENEY
v.
Robin BELLOW, Fidelity Fire & Casualty Insurance Co. and Zurich-American Insurance Company
Stephanie G. SCHOENBERGER
v.
Robin V. BELLOW and Fidelity Fire & Casualty Insurance Co.
No. 94-C-1600.
Supreme Court of Louisiana.
October 28, 1994.
PER CURIAM.[*]
In Segura v. Frank, 630 So.2d 714 (La. 1994), we held that the 1990 and 1992 amendments to LSA-R.S. 22:1386 were substantive as they related to insurers but that applying the statute retroactively would not violate their constitutional rights under the contract clauses of the United States and Louisiana Constitutions. We based this decision on the fact that because the Louisiana insurance industry is pervasively regulated, insurers had reason to anticipate that their obligations under current policies might be altered by further legislation, and this anticipation would serve to prevent a total destruction of the insurer's contractual expectations. However, in Segura, supra, we specifically left open the question of whether retroactive application of limitations on an insured's pre-existing claims would unconstitutionally disturb the insured's vested rights.
We granted certiorari in this case because we believe that the court of appeal misconstrued *625 our holding in Segura when it held that our decision in that case is dispositive of this case, which presents the issue of whether the 1990 and 1992 amendments to LSA-R.S. 22:1386(A) apply retroactively to bar Stephanie Schoenberger's claim.
The following statement of the facts, which are simple and undisputed, is taken from the court of appeal opinion, wherein the court stated:
Schoenberger was a guest passenger in an automobile driven by Ron Lilly on September 6, 1989. There was an accident when Lilly's automobile collided with an automobile driven by Bellow. Lilly was insured by Zurich-American whose policy provided uninsured/underinsured motorist (UM) benefits to Schoenberger. Bellow was insured by Fire & Casualty Insurance Company which was declared insolvent on September 14, 1991. LIGA replaced Fire & Casualty. Schoenberger settled her UM claim with Zurich in November 1991, reserving her rights against LIGA.
On the date of the accident R.S. 22:1836(A) required a claimant to exhaust his rights against a solvent insurer before proceeding against LIGA, but in Hickerson v. Protective National Insurance Company, 383 So.2d 377 (La.1980), the court held that this obligation did not extend to the solvent UM insurer. By Act 130 of 1990 [LSA] R.S. 22:1386(A) was amended to include specifically UM coverage among that which would have to be exhausted before the claimant could proceed against LIGA.
Schoenberger v. Bellow, 637 So.2d 1172, 1173 (La.App. 4th Cir.1994).
The court of appeal reversed and set aside a summary judgment that the trial court had rendered in Schoenberger's favor and dismissed her suit against LIGA, holding that our decision in Segura, supra, was dispositive of the case. The court of appeal reasoned that the language in the 1992 amendment to LSA-R.S. 22:1386 referring to "covered claims as defined in LSA-R.S. 22:1379" referred to claims pending against the Louisiana Insurance Guaranty Association (LIGA), as in this case. We disagree.
If the 1992 amendment is applied retroactively in the case sub judice, the plaintiff will lose previously vested substantive rights. When the plaintiff settled her claim against the UM insurer, reserving her right to pursue a claim against LIGA, she based her decision upon the law as it existed at that time. The legislature then enacted the 1992 amendment, changing the law and thereby foreclosing plaintiff's right to proceed against LIGA under the insolvent insurer's policy. Therefore, the decision of the court of appeal, reversing and setting aside the summary judgment in favor of the plaintiff and dismissing plaintiff's suit against LIGA is hereby reversed, and the judgment of the trial court in favor of plaintiff, Stephanie G. Schoenberger, and against defendant, Louisiana Insurance Guaranty Association, is hereby reinstated.
LEMMON and HALL, JJ., would grant and docket.
NOTES
[*] Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994.

Dennis, J., not on panel. Rule IV, Part 2, § 3.