647 So.2d 621 (1994)
Thomas L. STAGG, et al., Plaintiffs-Appellants
v.
Valentine G. STRAUSS, et al., Defendants-Appellees.
No. 94-670.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*622 Mark Terrance Hoychick, Eunice, for Thomas Stagg etc.
Jerry Joseph Falgoust, Opelousas, for Valentine G. Strauss et al.
Before KNOLL and WOODARD, JJ., and BERTRAND,[*] J. Pro Tem.
WOODARD, Judge.
This is an appeal from a judgment dismissing, in part, plaintiffs' claims, resulting from an automobile crash, against the Louisiana Insurance Guaranty Association and the stipulated tortfeasor.

FACTS
On November 17, 1989, plaintiffs, Thomas Stagg and his son Spencer, were involved in an automobile crash caused by defendants, Valentine Strauss and her son Brian. The Staggs filed suit against the Strausses and their insurance provider, Sovereign Fire & Casualty Insurance Company (Sovereign). Subsequently, Sovereign was declared insolvent and placed into receivership. The Staggs, therefore, added the Louisiana Insurance Guaranty Association (LIGA) as a defendant on July 23, 1991 on the theory that LIGA had become responsible for Sovereign's liabilities. Thereafter, Thomas Stagg settled with his underinsured motorist insurer, United States Fidelity & Guaranty Co. (USF & G), for $22,000, the excess of his claim above the $10,000 limit on the Strausses' policy. The Staggs continued to pursue their claims against LIGA and the Strausses individually.
At trial, the parties stipulated to damages of $1212.95 in rental expenses, $1000 for Spencer Stagg's personal injury claim, and in excess of $10,000 for Thomas Stagg's personal injury claim. The sole issue was whether Thomas Stagg's settlement with USF & G would preclude LIGA's liability, as a result of 1990 and 1992 amendments to La.R.S. § 22:1386 requiring a plaintiff to exhaust his rights against solvent insurers before proceeding against LIGA. The trial court held the 1990 amendment applicable and therefore dismissed the plaintiffs' personal injury claims but granted their rental expenses because the USF & G policy did not cover these expenses. The court dismissed the Strausses from the suit entirely, without assigning reasons. The Staggs now appeal, asserting as error (1) the holding that the 1990 amendment to La.R.S. § 22:1386 applies to their claim, and (2) the dismissal of the plaintiffs' claims against the Strausses individually.

LAW

I. DISMISSAL OF PLAINTIFFS' CLAIM AGAINST LIGA
The 1992 amendment to La.R.S. § 22:1386 requires a plaintiff to exhaust his rights against all other insurers, including underinsured motorist carriers, before proceeding against LIGA. 1992 La.Acts No. 237; Segura v. Frank, 630 So.2d 714 (La. 1994). The amendment applies to unpaid claims, arising out of and within the coverage of insurance policies covered by LIGA, pending on or arising after the Act's effective date, June 10, 1992. 1992 La.Acts No. 237, § 3; Segura, supra. A claim is "pending" when final judgment has not been rendered. Segura, supra. Final judgment had not been rendered with respect to the Staggs' claim on June 10, 1992. The 1992 amendment therefore applies to the claim. We reverse the trial court's holding to the contrary.
The Staggs conceded that the case sub judice cannot be distinguished from Segura, supra. In Segura, the Louisiana Supreme *623 Court held that the 1992 amendment requires a plaintiff to exhaust his remedies against his underinsured motorist carrier before proceeding against LIGA and that this amendment applies retroactively. The Staggs failed to seek satisfaction for their entire claim from USF & G before proceeding against LIGA, despite stipulating that their total damages would not exceed the limits of the USF & G policy. We, therefore, affirm the trial court's dismissal of the Staggs' claim against LIGA. However, the basis for our holding is the 1992 amendment to section 1386, rather than the 1990 amendment, 1990 La. Acts No. 130, upon which the trial court relied, because the 1990 amendment does not apply retroactively. Segura, supra.

II. DISMISSAL OF PLAINTIFFS' CLAIM AGAINST THE STRAUSSES
Initially, we note that a plaintiff may elect to pursue a personal injury claim against the tortfeasor, the tortfeasor's insurer, or both, and that he is precluded from proceeding against an insured tortfeasor individually only when he has already obtained full recovery from the tortfeasor's insurer. See Finn v. Employers' Liab. Ass. Corp., 141 So.2d 852 (La.App. 2 Cir.1962). Thus, although the 1992 amendment precludes the Staggs from suing LIGA as the successor to the Strausses' insurer, the Staggs are not necessarily precluded from suing the Strausses individually.
However, to permit the Staggs to recover from the Strausses individually would be to permit recovery from the insureds of an insolvent insurer, which is directly contrary to the stated purpose of the Guaranty Association Act: "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid ... financial loss to claimants or policyholders because of the insolvency of an insurer." La.R.S. § 22:1376. The statute must be interpreted liberally to effectuate this purpose, La.R.S. § 22:1378, and therefore we must avoid a conclusion that would leave insureds at a loss because of the insolvency of an insurer. Henderson v. Pacific Marine Ins. Co., 611 So.2d 822 (La. App. 3 Cir.1992).
The insured of an insurer that becomes insolvent is protected by LIGA to the limits of the original policy. La.R.S. § 22:1382. As discussed supra, a plaintiff may not recover damages from LIGA that would have been covered by such a policy until the plaintiff has exhausted his rights under other insurance policies. La.R.S. § 22:1386. However, in construing the LIGA act to accomplish its stated purpose, we further hold that this provision also precludes a plaintiff from proceeding against the insured of an insolvent insurer for damages that would have been satisfied from the insolvent policy, until the plaintiff has exhausted his rights under all other insurance policies. A contrary holding would improperly preclude LIGA from fulfilling its clearly expressed purpose of protecting insureds from individual liability resulting from the insolvency of their insurers.
The Staggs stipulated that they sought from Sovereign and the Strausses $1000 for Spencer's injuries and $10,000 for Thomas's injuries. These claims would have been covered by the Strausses' insurance policy with Sovereign, and therefore the Staggs were required to exhaust their rights under their underinsured motorist policy with USF & G before proceeding against the Strausses individually. As a result of the Staggs' failure to do so, we hold that the trial court properly dismissed their claims against the Strausses.

CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court in favor of the appellees. Costs of this appeal are assessed against appellants.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.