675 So.2d 807 (1996)
Marion KENNY
v.
Kenneth HOSCHAR and Colonial Lloyds Insurance Company.
No. 96-CA-0112.
Court of Appeal of Louisiana, Fourth Circuit.
May 29, 1996.
*808 Frank B. Hayne, New Orleans, for Plaintiff/Appellant.
Burglass & Associates, Richard J. Garvey, Jr., Metairie, for Defendant-Appellee, the Louisiana Insurance Guaranty Association.
Before BARRY, KLEES and CIACCIO, JJ.
BARRY, Judge.
This appeal involves plaintiff's settlement below the policy limit with her uninsured motorist carrier. The issue is whether R.S. 22:1386 precludes recovery from Louisiana Insurance Guaranty Association (LIGA).
Plaintiff appeals summary judgment in favor of the Louisiana Insurance Guaranty Association (LIGA). We reverse and remand.

Facts
Marion Kenny was injured on September 12, 1989 when her car was rear ended by a pickup truck driven by Kenneth Hoschar. Ms. Kenny filed suit on November 2, 1989 against Hoschar and his liability insurer, Colonial Lloyds Insurance Company. Kenny amended her petition to add her underinsured/uninsured liability insurer Hartford Insurance Company of the Midwest. Colonial became insolvent and Kenny filed an amended petition naming LIGA as a defendant.
On December 15, 1992 Kenny settled with Hartford for $34,000, $16,000 less than her UM policy limits. The trial court dismissed Hartford with prejudice.
LIGA moved for summary judgment based on the nonduplication provision of La. R.S. 22:1386. LIGA argued that Kenny's UM coverage was primary and Kenny's claim against LIGA is precluded because she settled with Hartford for less than the policy limit. The trial court granted summary judgment and dismissed Kenny's suit.
Kenny argues that the 1992 revision of La.R.S. 22:1386 (which makes Section 1386 applicable to UM coverage) does not apply; alternatively the settlement with Hartford does not preclude her claim against LIGA. No facts are disputed. Whether summary judgment is appropriate is a legal question.

Applicability of R.S. 22:1386
La.R.S. 22:1386 prevents duplication of recovery in a case involving a claim against LIGA. Originally enacted by Acts 1970, No. 81 § 1, that provision required a person who had a claim against a solvent insurer to "exhaust first his right under such policy," and the amount payable on a covered claim under the Insurance Guaranty Association Act was then reduced by the amount of the recovery under the policy issued by the still solvent insurer.
Hickerson v. Protective National Insurance Co., 383 So.2d 377, 379 (La.1980) held that Section 1386 applied "to ordinary insurance coverage and not to uninsured motorist coverage." Thus, a claimant was not required to first proceed against the claimant's UM insurer before recovering from LIGA.
The legislature amended La.R.S. 22:1386 by Acts 1990, No. 130 § 1, effective June 29, 1990 to require a claimant to exhaust available UM coverage before proceeding against LIGA. Segura v. Frank, 93-1271, 93-1401 (La. 1/14/94), 630 So.2d 714, 720, cert. den. Allstate Insurance Co. v. Louisiana Insurance Guaranty Ass'n., ___ U.S. ___, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). From the claimant's standpoint the 1990 amendment altered the order of the claimant's recovery from the UM insurer and LIGA but did not disturb the claimant's right to recover. Segura v. Frank, 630 So.2d at 724. As to the solvent UM carrier, however, the 1990 amendment affected its contractual rights by increasing its obligation to the claimant under the existing UM policy. Therefore, that amendment was substantive and Segura held that it only applies prospectively. Segura v. Frank, 630 So.2d at 725.
The legislature again amended La.R.S. 22:1386 by Acts 1992, No. 237. Section 1386 as pertinent to this case was unchanged and now reads:
(A) Any person having a claim against an insurer under any provision in an insurance *809 policy, other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include but shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both....
Act 237 became effective June 10, 1992.
Ms. Kenny argues that the 1990 and 1992 amendments do not apply because the accident occurred on September 12, 1989 before their effective dates.
The 1990 amendment applies prospectively only. The 1992 amendment is retroactive by virtue of the legislature's explicit provision:
This Act shall apply to all covered claims, as defined in R.S. 22:1379, pending on or arising on or after the effective date of this Act. [Emphasis added.]
Acts 1992, No. 237 § 3.
Kenny's petition was filed on November 2, 1989. She settled her claim against Hartford in December 1992 and dismissed Hartford in February 1993. Kenny's claim was pending on the effective date of the 1992 amendment (June 10, 1992). Therefore Act 237 applies.
Kenny claims that Section 1386 would divest her of her claim which pre-existed the effective date of the 1992 amendment.
In Habeney v. Bellow, 94-1600 (La. 10/28/94), 645 So.2d 624 the tortfeasor's insurer was declared insolvent and LIGA replaced the insolvent insurer. A guest passenger in the other vehicle settled with the UM carrier in November 1991 and proceeded against LIGA. The Supreme Court held that because the claimant settled her claim against the UM insurer prior to the effective date of the 1992 amendment to La.R.S. 22:1386, that amendment did not apply:
If the 1992 amendment is applied retroactively in the case sub judice, the plaintiff will lose previously vested substantive rights. When the plaintiff settled her claim against the UM insurer, reserving her right to pursue a claim against LIGA, she based her decision upon the law as it existed at that time. The legislature then enacted the 1992 amendment, changing the law and thereby foreclosing plaintiff's right to proceed against LIGA under the insolvent insurer's policy.
Habeney, 645 So.2d at 625.
We distinguish this case from Habeney because Kenny settled her claim against Hartford after the effective date of the 1992 amendment. Her decision was based on the law as it existed at that time, which required her to exhaust her rights against the UM insurer before proceeding against LIGA. Therefore Habeney does not apply.

Interpretation of R.S. 22:1386
Kenny alternatively argues that § 1386 requires that she exhaust her rights against the solvent UM insurer but does not require her to collect the policy limit. She submits that she sufficiently exhausted her rights against Hartford and satisfied the requirement of § 1386 when she settled and released Hartford. LIGA responds that Kenny compromised her UM claim and she did not exhaust her rights. LIGA argues that the latter requires collection of policy limits or a judicial resolution against that insurer.
The parties do not cite and we have not found a case which directly addresses whether settlement for an amount under the UM policy limits constitutes "exhaustion" of an insured's rights against the UM insurer.
In Stagg v. Strauss, 94-670 (La.App. 3 Cir. 12/7/94), 647 So.2d 621, the plaintiffs sued the alleged tortfeasors and the tortfeasors' insurer. They added LIGA as a defendant after the tortfeasors' insurer was declared insolvent. The plaintiffs settled against their UM carrier for $22,000 before proceeding against LIGA and the trial court dismissed the suit. The Third Circuit affirmed based on the plaintiffs' failure to satisfy the requirements of La.R.S. 22:1386. Stagg does not specify the limits of the UM policy. However, the court's reliance upon a stipulation that the plaintiffs' damages did not exceed those limits suggests that a claimant may not proceed against LIGA unless damages exceed the UM coverage.
The (plaintiffs) failed to seek satisfaction for their entire claim from (the UM carrier) before proceeding against LIGA, despite *810 stipulating that their total damages would not exceed the limits of the (UM) policy. We, therefore, affirm the trial court's dismissal of the ... claim against LIGA.
Stagg v. Strauss, 647 So.2d at 623.
Kenny did not stipulate that her damages do not exceed her UM policy limits and Stagg is not determinative.
In addition to requiring an insured to first exhaust her rights under other insurance, La.R.S. 22:1386(A) provides:
As to the association [LIGA], any amount payable by such other insurance shall act as a credit against the damages of the claimant, and the association shall not be liable for such portion of the damages of the claimant. [Emphasis added.]
LIGA's entitlement to a credit for the amount payable by the other insurance prevents duplication of recovery while allowing the insured to be fully compensated. Where the insured settles with the other insurer for an amount under policy limits but damages exceed the policy limits, LIGA is entitled to a credit against the insured's damages for the full amount of the other insurer's policy limits. Thus, the insured may recover from LIGA only to the extent that the insured's damages exceed the policy limits of the other insurance.
We reverse the summary judgment and remand.
REVERSED AND REMANDED.