IJTERRI F. LOVE, Judge.
On appeal, plaintiff challenges the constitutionality of the retroactive application of the 1992 amendment of La. R.S. 22:1386 and more specifically its application to the instant case. For the reasons assigned below, we affirm the decision of the trial court dismissing plaintiffs claims.

FACTS AND PROCEDURAL HISTORY

The parties filed a joint stipulation of the facts giving rise to this action as follows:
An automobile accident took place on September 12, 1989, when a car being driven by plaintiff Marion Kenny (“Kenny”) was rear-ended by one owned and driven by Kenneth Hoschar (“Hoschar”), whose insurer was Colonial Lloyds Insurance Company (“Colonial”).
Suit was filed by Kenny against Hosc-har and Colonial, and after their answer, an amending petition was filed adding Hartford Insurance Company of the Midwest, the uninsured/underinsured carrier of Kenny, as a defendant.
Kenny then filed another supplemental petition reciting the declaration of insolvency of Colonial and adding Louisiana Insurance Guaranty Association (“LIGA”) as a defendant.
She settled under her $50,000 uninsured motorist coverage with Hartford for $34,000, and LIGA then moved for summary judgment .seeking to be dismissed.
This motion was granted but then reversed on appeal, leaving for disposition the claims of Kenny against LIGA, in its capacity as successor to the insurer of the adverse vehicle, Colonial.
Following this appeal, plaintiff supplemented her claims by filing an amended petition alleging the unconstitutionality of the 1992 amendment of La. R.S. 22:1386 being applied to her in this ^proceeding. The Attorney General, through Assistant Attorney General Tina Vicari Grant, has submitted correspondence declining that office’s privilege to be heard in their proceeding and counsel for plaintiff will submit this letter as an exhibit on behalf of his client.
The following dates are agreed to be accurate and governing:
Date of the accident: 9/12/89
Date of Colonial’s insolvency: 3/27/92
Date of Kenny’s settlement with her UM carrier, Hartford: 12/15/92
The parties also stipulated on the record that Kenny’s damages did not exceed $50,000 in value and in the event judgment was rendered in Kenny’s favor against LIGA, the amount would be limited to $9,900.
The trial court entered judgment in favor of LIGA and adopted the reasons cited in defendant’s trial memorandum. In defendant’s trial memorandum, LIGA argued that the Louisiana Supreme Court had previously decided that the 1992 amendment to La. R.S. 22:1386 could constitutionally be applied retroactively, and that this Court previously determined that the 1992 amendment was applicable in this case. Kenny’s claims against LIGA were dismissed with prejudice, which is the subject of this appeal.

LAW AND DISCUSSION

On appeal, Kenny contends the trial court erred by rendering judgment in favor of LIGA. Further, Kenny raises the following issues: 1) it is unconstitutional to give retroactive effect to the 1990 and 1992 amendments of La. R.S. 22:1386; 2) the date of the liability insurer’s declaration of insolvency controls when the amendment applies; 3) the 1992 amendment of La. R.S. 22:1386 application to the case at bar is unconstitutional; and 4) the legislature is constitutionally prohibited from giving retroactive effect to a substantive law.

*115
14Constitutionality of the 1990 and 1992 amendments to La. R.S. 22:1386

Plaintiff challenges the constitutionality of the retroactive application of the 1990 and 1992 amendments to La. R.S. 22:1386 on the grounds that it is a substantive change to the law. This particular issue was not before this Court when our decision in Kenny v. Hoschar, 96-0112 (La.App. 4 Cir. 5/29/96), 675 So.2d 807, was rendered holding that the 1992 amendment to La. R.S. 22:1386 was applicable to the case at bar. We will briefly address this issue, even though it will not affect our previous holding in Kenny.
The Louisiana Supreme Court in Segura v. Frank decided the issue of whether the 1990[1] and 1992[2] amendments to La. R.S. 22:1386 can constitutionally be applied retroactively by examining a split among the appellate courts regarding two cases with facts similar to those in the case at bar. The court, in a well-reasoned and lengthy opinion, examined the constitutionality of the application of both amendments retroactively. The court’s holding has been reiterated and commented on in several other appellate decisions, and we will briefly summarize the holding.
The Supreme Court held that both amendments do make a substantive change to the existing law, however the 1992 amendment could be applied retroactively whereas the 1990 amendment could not. With respect to the 1990 | ¡¡¡amendment, the court held “[s]ince the legislature expressed no intent in Act 130 of 1990 that the amendment apply retroactively, under La. C.C. art. 6 the amendment applies prospectively only.” In examining the 1992 amendment, the court discussed the constitutionality of the retroactive effect of the amendment as well as the legislature’s power to enact laws that have retroactive effect. The court held:
Section 3 of Act 237 of 1992 provides: “This Act shall apply to covered claims, as defined in R.S. 22:1379, pending on or arising on or after the effective date of this Act” (emphasis added). Section 3 constitutes an expression of legislative intent regarding retroactive application of the statute as amended and reenacted by the 1992 Act. See La.C.C. art. 6; Cole [v. Celotex Corp.], 599 So.2d [1058] at 1063 [ (La. 5/28/92) ] . Accordingly, even though the 1992 amendment, like the 1990 amendment, is substantive, unlike the 1990 amendment it will apply retroactively to Rey’s and Segura’s claims if two requisites are met in each case: first, each claim must have been “pending” on June 10,1992, the effective date of Act 237 of 1992; second, retroactive application of the amendment must not violate the federal and state constitutional prohibitions against impairment of contractual obligations or disturbance of vested rights.
*116 Segura, 93-1271, pp. 16-17, 630 So.2d at 726. The court further held:
... [T]he adjustment of the UM insurers’ rights and responsibilities is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation’s adoption. Accordingly, under the appropriate Contract Clause standard, we conclude retroactive application of Act 237 of 1992 would violate neither the federal nor the state constitutional prohibitions against impairment of contractual obligations.
Id. at p. 28, 630 So.2d at 723.
In light of Segura, we find that the 1992 amendment to La. R.S. 22:1386 can constitutionally be applied retroactively in accordance with the decision.

Application of the 1992 Amendment

In Kenny, this Court previously addressed the issue of whether the 1992 amendment could be retroactively applied in the case sub judice. We found | (¡“Kenny’s petition was filed on November 2, 1989. She settled her claim against Hartford in December 1992 and dismissed Hartford in February 1993. Kenny’s claim was pending on the effective date of the 1992 amendment (June 10, 1992). Therefore Act 237 applies.” Kenny, 96-0112, p. 3, 675 So.2d at 809. A claim is pending as long as it is subject to judicial scrutiny. Segura, 93-1271, p. 19, 630 So.2d at 727. Our decision in Kenny is consistent with the application of the 1992 amendment by this Court in a previous decision as well as other appellate courts since the Supreme Court’s decision in Seg-ura. See Smith v. Ayo, 94-0791 (La.App. 4 Cir. 10/13/94), 644 So.2d 1069; Stagg v. Strauss, 94-670 (La.App. 3 Cir. 12/7/94), 647 So.2d 621; Saucier v. Favorite, 93-886 (La.App. 5 Cir. 2/23/94), 632 So.2d 11; Allen v. Colonial Lloyd’s Insurance Co., 93-804 (La.App. 5 Cir. 2/23/94), 632 So.2d 10; Gauthier v. Miller, 93-938 (La.App. 3 Cir. 3/2/94), 634 So.2d 1294.
However, Kenny contends that the facts in her case are similar to those in Habeney v. Bellow, 94-1600 (La.10/28/94), 645 So.2d 624, and thus the 1992 amendment should not be applied to her case. In Kenny, we previously distinguished Habeney from the facts in the case at bar. We stated:
In Habeney v. Bellow, 94-1600 (La.10/28/94), 645 So.2d 624 the tortfea-sor’s insurer was declared insolvent and LIGA replaced the insolvent insurer. A guest passenger in the other vehicle settled with the UM carrier in November 1991 and proceeded against LIGA. The Supreme Court held that because the claimant settled her claim against the UM insurer prior to the effective date of the 1992 amendment to La.R.S. 22:1386, that amendment did not apply:
If the 1992 amendment is applied retroactively in the case sub judice, the plaintiff will lose previously vested substantive rights. When the plaintiff settled her claim against the UM insurer, reserving her right to pursue a claim against LIGA, she based her decision upon the law as it existed at that time. The legislature then enacted the 1992 amendment, changing the law and thereby 17foreclosing plaintiffs right to proceed against LIGA under the insolvent insurer’s policy.
Habeney, 645 So.2d at 625.
We distinguish this case from Habeney because Kenny settled her claim against Hartford after the effective date of the 1992 amendment. Her decision was based on the law as it existed at that time, which required her to exhaust her rights against the UM insurer before proceeding against LIGA. Therefore Habeney does not apply.
*117 Kenny, 96-0112, p. 4, 675 So.2d at 809. Therefore, we find that the 1992 amendment must be applied in this case in accordance with Segura and our reasoning in Kenny.

Assignment of Error

Kenny argues the trial court erred by finding in favor of LIGA and dismissing her suit. The trial court adopted the reasons given in defendant’s trial memorandum. In the trial memorandum, defendant argued that the issue of whether the 1990 and 1992 amendments to La. R.S. 22:1386 can constitutionally be applied retroactively has previously been decided by the Supreme Court in Segura. Defendant also argued that this Court has also previously addressed the issue of whether the 1992 amendment should be applied in this case.
In Stagg, 94-670, p. 2, 647 So.2d at 623, the appellate court affirmed the trial court’s dismissal of Stagg’s claims against LIGA because “[t]he Staggs failed to seek satisfaction for their entire claim from USF & G before proceeding against LIGA, despite stipulating that their total damages would not exceed the limits of the USF & G policy.” In Kenny, we found at that time that the decision in Stagg was not determinative because “Kenny did not stipulate that her damages do not exceed her UM policy limits.” Kenny, 96-0112, p. 10, 675 So.2d at 810. We held that
1 sLIGA’s entitlement to a credit for the amount payable by the other insurance prevents duplication of recovery while allowing the insured to be fully compensated. Where the insured settles with the other insurer for an amount under 'policy limits but damages exceed the policy limits, LIGA is entitled to a credit against the insured’s damages for the full amount of the other insurer’s policy limits. Thus, the insured may recover from LIGA only to the extent that the insured’s damages exceed the policy limits of the other insurance.
Id. at p. 6, 675 So.2d at 810 (Emphasis added).
Presently, Kenny stipulated that her damages did not exceed the $50,000 limit of her uninsured motorist insurance policy, and she had settled her claim under the insurance policy in the amount of $34,000. In the event that Kenny was successful in her claims against LIGA, the parties stipulated the amount of the judgment would be $9,900.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993), citing, Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no error on the part of the trial court by finding in favor of the defendant. With the stipulation now in the record that Kenny’s damages did not exceed the policy limit, the trial court properly dismissed Kenny’s claim against LIGA because she did not exhaust her rights under the limits of her uninsured motorist insurance policy.

CONCLUSION

For the aforementioned reasons, we find that the retroactive application of the 1992 amendment to La. R.S. 22:1386 is constitutional and was properly applied in this case. We further find no error on the part of the trial court, and affirm its judgment in favor of the defendant.
AFFIRMED.

. The legislature passed Act 130 of 1990, which amended La.R.S. 22:1386 to read as follows:
§ 1386. Nonduplication of recovery
(1) Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall be required first to exhaust his rights under such policy. Such other policies of insurance shall include hut shall not be limited to liability coverage, uninsured or underinsured motorist liability coverage, or both, hospitalization, and other medical expense coverage. Any amounts payable by such other insurance shall act as a dollar-for-dollar credit against any liability of the association under this Part.

. The legislature passed Act 237 of 1992 becoming effective on June 10, 1992, which amended La. R.S. 22:1386 by providing in Section 3 of the Act:
This Act shall apply to all covered claims, as defined in R.S. 22:1379, pending on or arising on or after the effective date of this Act.