I iWICKER, Judge.
The main issue on this appeal is whether the Louisiana Insurance Guaranty Association (LIGA), defendant-appellant, is liable to pay a claim under an appeal bond from an insolvent surety company. We conclude LIGA is not hable and we reverse the judgment of the district court.
The appeal arose out of a suit on a construction contract in which there was judgment in favor of the plaintiffs, Joan Martinez, wife of/and Lionel Serigne, d/b/a Serigne’s Marina, against the defendants, Pelican State Mutual Insurance Company and its insured, Shoreline Specialties, Inc. The defendants were cast in the amount of $265,540.00, less five percent for plaintiffs’ comparative fault, for a total of $215,313.00. Pelican and its insured filed a suspensive appeal of the adverse judgment. As security, Pelican posted an appeal bond in the amount of $343,294.98, underwritten by Magnolia Fire & Casualty Insurance Company.
RWhile the appeal was pending, Pelican was declared insolvent and LIGA assumed Pelican’s obligations. The judgment against Pelican was affirmed on appeal. Serigne v. Wildey, 612 So.2d 155 (La.App. 5th Cir.1992), writ denied, 613 So.2d 994 (1993). After the appeal was final, Magnolia also was declared insolvent.
LIGA subsequently paid the plaintiffs $149,900.00 on Pelican’s obligations.[1] The plaintiffs released Pelican and LIGA, reserving the right to proceed further against LIGA to recover on the appeal bond. Thereafter the plaintiffs sought a declaratory judgment that LIGA is responsible for Magnolia’s obligation under the appeal bond. The district court ruled in favor of the plaintiffs, finding LIGA liable for $114,640.00 on Magnolia’s obligation. LIGA has filed a suspen-sive appeal of that ruling.
The plaintiffs assert that La.R.S. 22:1382 makes LIGA liable for their claim against Magnolia’s appeal bond as well as for their claim against Pelican. La.R.S. 22:1382(A)(2) states that LIGA shall be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.
LIGA, however, contends it is not liable because the appeal bond contract provided by Magnolia is surety insurance. La.R.S. 22:1377 excludes fidelity and surety insurance from coverage of the Insurance Guaranty Association Law.
The purpose of the Insurance Guaranty Association Fund is “to provide a mechanism for the payment of covered claims under certain insurance policies.” La.R.S. 22:1376. The supreme court has stated that the provisions of the ^Insurance Guaranty Association Act must be interpreted to protect claimants and policyholders and to advance their interests rather than the interests of the association. Senac v. Sandefer, 418 So.2d 543, 546 (La.1982).
The statute which established LIGA is to be liberally construed to protect against insolvent insurers, but cannot be construed to include as a “covered claim” a claim that is unequivocally excluded by the clear language of the statute. Ursin v. Insurance Guaranty Ass’n, 396 So.2d 400, 403 (La.App. 1st Cir.1981), affirmed 412 So.2d 1285 (La.1982).
LIGA argues that the claim against Magnolia is not a “covered claim” for purposes of the Insurance Guaranty Law because it is exempted by La.R.S. 22:1377(A), which states:
This Part shall apply to all kinds of direct insurance, except life, health and accident, title, disability, mortgage guaranty, financial guaranty, or other insurances offering protection against investment risks, credit insurance, and any transaction or combination of transactions which involve the transfer of investment or credit risks unaccompanied by the transfer of the insurance risk, vendor’s single interest insurance, collateral protection insurance, or any similar insurance which protects the interests of a creditor arising out of a *424 creditor-debtor transaction, vehicle mechanical breakdown insurance, and ocean marine insurance. It shall likewise not apply to fidelity and surety insurance nor to bail bond contracts. [Emphasis added.] La.R.S. 22:6 states,
Insurance shall be classified and defined as follows:
******
“(8) Fidelity and surety. ... becoming a surety or guarantor for the performance of any person ... or corporation of any lawful obligation, undertaking, agreement, or contract of any kind, except contracts or policies of insurance; or guaranteeing against loss or damage resulting from failure of debtors to pay their obligations to the insured * * *.”
(Emphasis added.)
“[T]he kind and coverage of insurance afforded by any policy shall be determined solely by the coverage specified and established in the provisions of |4that policy regardless of any name, label, or marketing designation for the policy.” La.R.S. 22:1377(B).
The Suspensive Appeal Bond provided by Magnolia states, in pertinent part:
WHEREAS judgment has been rendered by the 24th Judicial District Court for the Parish of Jefferson in the above entitled and numbered cause in favor of Joan Martinez, wife of/and Lionel R. Se-rigne, D/B/A Serigne’s Marina and against Pelican State Mutual Insurance Company ... and the said Pelican State Mutual Insurance Company, defendant, has obtained on June 27, 1991 an Order of Sus-pensive Appeal therein, conditioned upon the furnishing of this obligation.
NOW, THEREFORE, we, the undersigned, Pelican State Mutual Insurance Company, principal, and Magnolia Fire and Casualty Insurance Company, a domestic surety corporation, as surety, do by these presents promise and agree that Pelican State Mutual Insurance Company, appellant, shall prosecute the said appeal and that it shall satisfy whatever judgment that may be rendered against it, or that the same shall be satisfied by the proceeds of the sale of its estate, real or personal, if it be cast in this appeal, and that otherwise, the undersigned, Magnolia Fire and Casualty Insurance Company, as surety, will be liable in their place. [Emphasis added.]
The trial judge discussed the above statutes in her written Reasons for Judgment, but concluded, “This Court finds that based upon a liberal interpretation of these statutes as required by law that LIGA is responsible for the appeal bond issued by Magnolia.”
We reach the opposite conclusion. The language of the suspensive appeal bond states that Pelican agreed to prosecute the appeal and satisfy any judgment rendered against it, and that otherwise Magnolia would be liable in Pelican’s place. It is dear that Magnolia was acting as a surety insurer as defined by La.R.S. 22:6, for Magnolia was acting as surety or guarantor for Pelican’s performance of its obligation and agreement to satisfy the judgment that was rendered against it. Further, the appeal bond fits the definition of suretyship set forth in La. Civ. Code art. 3035 as “an accessory contract by which a person binds himself to a creditor to ^fulfill the obligation of another upon the failure of the latter to do so.” Under the plain language of La.R.S. 22:1377(A), surety insurance is excluded from coverage of the Insurance Guaranty Association Fund. Therefore, the appeal bond is not covered.
The plaintiffs point to the phrase in La. R.S. 22:6(8), supra, which excludes from the definition of fidelity and surety insurance “becoming a surety or guarantor for the performance of ... contracts or policies of insurance.” Plaintiffs assert the appeal bond issued by Magnolia binds Magnolia only for the obligations of Pelican and not for the obligations of the other defendant, so that Magnolia’s obligation extends only to the insurance policy issued by Pelican and not to the personal obligations of the other defendant. Accordingly, plaintiffs contend, the appeal bond issued by Magnolia relates to a policy of insurance and cannot be considered fidelity and surety insurance as defined by LSA-R.S. 22:6(8).
*425 Analysis of the appeal bond’s language, however, reveals that the bond did not mention any policy or contract of insurance. Rather, Pelican agreed to pay any judgment for which it was cast and Magnolia bound itself to fulfill that agreement if Pelican did not. Magnolia’s obligation was not limited to judgments against the insurance contract between Pelican and Pelican’s insured, nor did Magnolia agree to guarantee Pelican’s performance under Pelican’s insurance policy. Thus, La.R.S. 22:6(8)’s exception to the definition of fidelity and surety insurance did not apply to the appeal bond in this ease.
We distinguish H & H Sewer Systems v. Ins. Guaranty Ass’n, 392 So.2d 430 (La.1980), cited by plaintiffs. At the time that case was decided, La.R.S. 22:1377 simply stated, “This Part shall apply to all kinds of direct insurance, except life, health and accident, title, disability, mortgage guaranty, and ocean marine insurance.” The statute was amended in 1989 to its present form, under | (¡which fidelity and surety insurance is specifically excluded. Acts 1989, No. 618, § 1, and Acts 1989, No. 620, § 1.
We also distinguish two cases cited to us by the plaintiffs-appellees at oral argument. Austin v. Parker, 672 F.2d 508 (5th Cir. 1982), was decided several years before the 1989 amendment to La.R.S. 22:1377. Its conclusion that a surety contract falls within the coverage of the Insurance Guaranty Act was legislatively overruled by the 1989 acts amending the statute. In Louisiana Ins. Guar. Ass’n v. Watkins, 842 F.Supp. 913 (E.D.La.1994), the court did not discuss the applicability of La.R.S. 22:1377, nor did LIGA raise the statute as a defense. Apparently the insurer’s insolvency occurred before the effective date of the acts which amended the statute.
Because we have decided in LIGA’s favor on the issue of its liability, we need not address the subsidiary issue of whether LIGA could be compelled to pay an additional amount to the plaintiffs when it already has disbursed the maximum per-claim statutory amount on behalf of Pelican.
For the foregoing reasons, the judgment of the district court is reversed. Judgment is rendered in favor of the Louisiana Insurance Guaranty Association and against the plaintiffs, Joan Martinez, wife of/and Lionel R. Serigne, d/b/a Serigne’s Marina, dismissing plaintiff’s claim against the Louisiana Insurance Guaranty Association as successor to Magnolia Fire and Casualty Company, at plaintiffs’ costs.
REVERSED AND RENDERED.

. Under La.R.S. 22:1382(A)(1), LIGA’s obligation includes only that amount of each covered claim which is in excess of $100.00 and less than $150,000.00, per claim, subject to a maximum limit of $300,000.00 dollars per accident or occurrence.